J. S70007/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER FINNEFROCK, | : | No. 1245 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, April 6, 2018,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0004197-2016

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED DECEMBER 24, 2018**

Christopher Finnefrock appeals from the April 6, 2018 judgment of sentence entered in the Court of Common Pleas of Chester County after he entered guilty pleas to two counts of involuntary deviate sexual intercourse with a child, one count of unlawful contact with a minor, and one count of corruption of minors.[1]  The trial court sentenced appellant to an aggregate term of imprisonment of eight to sixteen years.  Mark Conte, Esq., has filed an ***Anders*** brief,[2] with an accompanying petition, alleging that the appeal is

---

[1] 18 Pa.C.S.A. §§ 3123(b), 6318(a)(1), and 6301(a)(1)(ii), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009); ***Commonwealth v. McClendon***, 495 434 A.2d 1185 (Pa. 1981).

frivolous, and including a request to withdraw. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

The trial court set forth the following:

> Appellant was charged with nine (9) counts of Rape of Child (18 [Pa.C.S.A.] § 3121(c)), nine (9) counts of Involuntary Deviate Sexual Intercourse With a Minor (18 Pa.C.S.A. § 3123(b)), nine (9) counts of Unlawful Contact With a Minor (18 Pa.C.S.A. § 6318(a)(1)), nine (9) counts of Incest of a Minor (18 Pa.C.S.A. § 4302(b)(1)), one (1) count of Corruption of Minors (18 Pa.C.S.A. §6301(a)(1)(ii)), one (1) count of Endangering Welfare of Children (18 Pa.C.S.A. § 4304(a)(1)), nine (9) counts of Indecent Assault of Person Less Than 13 Years of Age (18 Pa.C.S.A. § 3126(a)(7)), nine (9) counts of Involuntary Deviate Sexual Intercourse-Serious Bodily Injury (18 Pa.C.S.A. § 3123(c)), and nine (9) counts of Contact/Communication With a Minor-Sexual Abuse (18 Pa.C.S.A. § 6318(a)(5)). The Involuntary Deviate Sexual Intercourse-Serious Bodily Injury and Contact/Communication With a Minor-Sexual Abuse counts were withdrawn at the lower court. The remaining 47 counts were bound over for trial.
>
> Various pre-trial motions were filed by the parties. The Commonwealth filed a "Motion to Allow Testimony of Out of Court Statement". A hearing was scheduled for May 25, 2017 but continued to permit new defense counsel to enter his appearance and prepare for the hearing. New defense counsel filed a Memorandum in Opposition to the Commonwealth's Motion on August 16, 2017. Upon consideration of the evidence presented and arguments made at the August 17, 2017 hearing, the Commonwealth's motion was granted in part and denied in part. The Commonwealth filed additional motions on November 27, 2017: (1) a "Motion in *Limine* to Preclude References to Prior Sexual Conduct", and (2) a "Motion for Testimony by Contemporaneous Alternative Method". A "Motion in

Limine to Admit Expert Testimony Regarding Lack of Injury to Victim" was also filed by the Commonwealth on February 16, 2018. After discussions held in chambers with both counsel, the court deferred its ruling on the Commonwealth's motions until the time of trial.[Footnote 1] [Appellant] filed a "Motion in *Limine*" on February 23, 2018 requesting that [appellant] be permitted to: (1) cross examine the child victim and child witness, and (2) present evidence of the child victim's prior sexual conduct including prior sexual assaults. [Appellant's] "Motion in *Limine*" was also deferred until the commencement of trial.

> [Footnote 1] It was represented to the court by the Commonwealth, during the chambers conference, that the Commonwealth would be withdrawing its motion requesting an alternate method of testimony for the victim at trial. However, no withdrawal was formerly made by the Commonwealth subsequent to the chambers conference.

On April 6, 2018 a jury was selected for trial. Prior to the court's rulings on the parties' pending motions and the commencement of trial, the Commonwealth and [a]ppellant presented the court with a negotiated guilty plea. Appellant pleaded guilty to two (2) counts of Involuntary Deviate Sexual Intercourse With a Minor (18 Pa.C.S.A. § 3123(b)), one (1) count of Unlawful Contact With a Minor (18 Pa.C.S.A. §6318(a)(1)), and one (1) count of Corruption of Minors (18 Pa.C.S.A. §6301(a)(1)(ii)). Appellant was sentenced to an aggregate term of 8 to 16 years of incarceration on the two (2) counts of Involuntary Deviate Sexual Intercourse With a Minor (18 Pa.C.S.A. §3123(b)) and 10 years of probation on the remaining counts.

On April 24, 2018, through his appointed defense counsel Mark Conte, Esquire, [a]ppellant filed an appeal to his April 6, 2018 judgment of sentence. On April 25, 2018, the court filed its Rule 1925(b)

Order. Subsequently, on May 14, 2018, Mr. Conte filed a "Motion for Extension of Time to File 1925(b) Statement and For Appointment of New Counsel". On May 25, 2018, the court granted Mr. Conte's request for an extension of time and scheduled a hearing for June 6, 2018 to address his request to withdraw as [a]ppellant's counsel. Mr. Conte also filed a "Motion to Withdraw as Appellate Counsel" with the Superior Court. (***See*** Docket, ***Commonwealth v. Finnefrock***, 1245 EDA 2018). The Superior Court issued an Order on June 1, 2018 directing this court to enter a disposition on Mr. Conte's request to withdraw as [a]ppellant's counsel.

Prior to the hearing of June 6, 2018, [a]ppellant submitted correspondence to the Chester County Clerk of Courts indicating his desire to participate in the June 6, 2018 hearing, and his desire to keep Mr. [Conte] as his appellate counsel "cuz he kno(ws) I'm not guilty". (***See Commonwealth v Finnefrock***, CP-15-CR-4197-20176, Correspondence Docketed 06/01/18, p. 1). We denied Mr. Conte's request to withdraw as appellate counsel after considering the legal arguments made and [a]ppellant's statements to the court. We found that [a]ppellant was not financially able to retain private appellate counsel, and that he was under significant time constraints to proceed with his appeal. Subsequently, [a]ppellant, through Mr. Conte, filed a "Motion for a New Hearing to Address Defense Counsel's Motion to Withdraw". We denied his request on June 13, 2018.

On June 21, 2018, [a]ppellant filed his Concise Statement of Errors Claimed of on Appeal pursuant to our May 21, 2018 Order.

Trial court opinion, 7/19/18 at 1-4 (footnote 2 omitted).

To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination

of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa.Super. 2012), quoting ***Santiago***, 978 A.2d at 361. Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. With respect to the briefing requirements, "[n]either ***Anders*** nor ***McClendon*** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under ***Anders*** are references to anything in the record that might arguably support the appeal." ***Santiago***, 978 A.2d at 359, 360. Finally, counsel must furnish a copy of the ***Anders*** brief to his client and "advise[] him of his right to retain new counsel, proceed ***pro se*** or raise any additional points that he deems worthy of the court's attention, and attach[] to the ***Anders*** petition a copy of the letter sent to the client." ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to

whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (quotation marks and quotation omitted).

Here, counsel's **Anders** brief substantially complies with prevailing law. Attorney Conte has provided a procedural summary of the case, albeit without references to the record. (**Anders** brief at 6-8.) Attorney Conte does, however, attach copies of the trial court's Pa.R.A.P. 1925(a) opinion; appellant's April 6, 2018 written guilty plea colloquy; appellant's Pa.R.A.P. 1925(b) statement; the transcript of the April 6, 2018 hearing regarding the Commonwealth's plea offer to appellant; and the transcript of appellant's April 6, 2018 guilty plea proceedings as Exhibits A, B, C, D, and E, respectively, to his **Anders** brief. Attorney Conte cites to those exhibits throughout his brief, and the originals of those exhibits are included in the certified record. Attorney Conte also refers to portions of those exhibits that arguably support the appeal; specifically, potential issues regarding the voluntariness of the plea. Attorney Conte concludes that "[a]ppellant's appeal is frivolous and without merit." (**Anders** brief at 14.) Additionally, Attorney Conte's correspondence to appellant provided appellant with a copy of the **Anders** brief; informed appellant that he "thoroughly reviewed the issue" that appellant asked him to raise; specifically, appellant's "belief that the [trial court] threatened, forced, or otherwise coerced [appellant] into pleading guilty when it advised [appellant] of the applicable mandatory

minimum jail sentences that applied to the charges [appellant was] facing at trial," and counsel's conclusion that the claim is "frivolous and without legal merit." (Attorney Conte's correspondence to appellant, 9/10/18.) In that correspondence, Attorney Conte also advised appellant of his right to either retain new counsel or to proceed *pro se* on appeal to raise any additional points that he "believes are worthy of the court's attention."[3] (*Id.*) As such, Attorney Conte has substantially complied with the procedural requirements of **Anders**. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

Attorney Conte raises the following issue in the **Anders** brief:

> Did the Court err by advising [a]ppellant, Christopher Finnefrock, that he was facing eighteen (18) felony charges and that each count carried a ten (10) year minimum mandatory sentence and was the effect of this notification such that [a]ppellant was threatened, forced, or coerced into pleading guilty to [the crimes]?

**Anders** brief at 5.

At the outset, we note that the record reflects that prior to the entry of appellant's guilty plea, a jury had been selected on Friday, April 6, 2018, and the parties were prepared to proceed to trial on Monday, April 9, 2018, when the Commonwealth extended the plea bargain offer to appellant. (Notes of testimony, 4/6/18 at 2.) The trial court then held a hearing wherein

---

[3] Appellant did not file a response to Attorney Conte's correspondence to appellant dated September 10, 2018.

appellant acknowledged that Attorney Conte advised him of the Commonwealth's plea offer. (*Id.* at 2-3.) The trial court then informed appellant that if the jury convicted appellant of all charges, appellant's mandatory minimum sentence would be up to 180 years of imprisonment. (*Id.*) The Commonwealth clarified the mandatory minimum sentence as being comprised of 18 counts with each carrying a 10-year mandatory minimum. (*Id.* at 3.) Appellant acknowledged that he discussed the plea offer with Attorney Conte, but that it was appellant's choice to proceed to trial. (*Id.*) Thereafter, however, appellant accepted the Commonwealth's offer and entered his guilty pleas. (Notes of testimony, guilty plea proceedings, 4/6/18 at 2-7.)

In considering the validity of a guilty plea colloquy, "[t]he Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea." ***Commonwealth v. Prendes***, 97 A.3d 337, 352 (Pa.Super. 2014) (citations omitted), ***appeal denied***, 105 A.3d 736 (Pa. 2014). Pursuant to Rule 590, the sentencing court should inquire whether the defendant understands, among other things, "the nature of the charges to which he or she is pleading guilty[,]" and "the permissible ranges of sentences and fines possible." Pa.R.Crim.P. 590, Comment. "[N]othing in the rule precludes the supplementation of the oral colloquy by a written colloquy that is read,

completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-1213 (Pa.Super. 2008) (citation omitted), *appeal denied*, 964 A.2d 893 (Pa. 2009).

Thereafter,

> [t]he reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Prendes*, 97 A.3d at 352 (citations omitted). Accordingly, even if there is an omission in the oral plea colloquy, "a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1047 (Pa.Super. 2011) (citation omitted).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). As such, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he cannot recant the representations he made in court when he entered his guilty plea. *Id.* (citation omitted). Moreover, the law

does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law only requires that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. *See Commonwealth v. Moser*, 921 A.2d 526, 528-529 (Pa.Super. 2007).

Here, the record reflects that appellant read, completed, and signed an extensive nine-page written guilty plea colloquy form, which is part of the certified record. (Written guilty plea colloquy, 4/6/18.) On that form, appellant affirmed, in writing, among other things, (i) that he understood the charges filed against him and the maximum sentences that could be imposed for those crimes; (ii) that he fully discussed the charges with his attorney and is satisfied with his attorney's representation and advice; (iii) that his decision to plead guilty was his own decision; (iv) that no one used any force or threats against him to induce him to plead guilty; (v) that no promises were made to induce his guilty pleas; (vi) that he committed the crimes to which he plead guilty; and (vii) that he read and understood the full meaning of the entire written colloquy and still wanted to plead guilty. (*Id.*)

The record further reflects that the trial court conducted an oral guilty plea colloquy. (Notes of testimony, guilty plea proceedings, 4/8/18.) Appellant acknowledged that after he had additional discussions with Attorney Conte, he decided to plead guilty. (*Id.* at 3.) Appellant agreed with the factual basis of his guilty pleas and admitted to committing the

crimes. (*Id.*) Appellant affirmed that the signatures on the written guilty plea colloquy were his, and he acknowledged that he had gone over the entire written colloquy with Attorney Conte. (*Id.*) Appellant acknowledged his satisfaction with Attorney Conte's professional services. (*Id.*) Appellant also acknowledged that no one promised him anything or threatened him to induce his guilty pleas. (*Id.* at 4.)

After thoroughly reviewing the record, we conclude that the totality of the circumstances surrounding appellant's entry of his guilty pleas discloses that appellant fully understood the nature and consequences of his pleas and that he knowingly and voluntarily decided to enter the pleas. Therefore, the record supports Attorney Conte's assessment that because appellant entered his guilty pleas knowingly and voluntarily, this appeal is wholly frivolous.

Finally, our independent review of the entire record reveals no additional non-frivolous claims. Therefore, we grant counsel's petition to withdraw and affirm appellant's April 6, 2018 judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/18

- 11 -